IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERREK MORRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>DOUGLAS SMITH, and THE<br>VILLAGE OF ROBBINS,<br><br>        Defendants. | Case No. 14 C 8076<br><br>Judge Harry D. Leinenweber |

# ORDER

Before the Court are Motions for Summary Judgment filed by Defendants Smith ("Smith") and the Village of Robbins (the "Village") [ECF Nos. 51, 55]. For the reasons stated herein, the Motions are granted. Summary Judgment is entered in favor of the Defendants on all counts.

# STATEMENT

Motions for summary judgment are subject to Local Rule 56.1, which outlines the necessary components for such a motion. The Rule requires the moving party to file and serve on the nonmoving party "a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law." L.R. 56.1(a)(3). The statement should "consist of short numbered paragraphs," L.R. 56.1(a), and the opposing party is required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon,"

L.R. 56.1(b)(3)(B). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

Because Morris failed to respond properly to Defendant's Local Rule 56.1 Statement, or file his own statement of additional facts as required by Local Rule 56.1(b)(3)(C), the Court deems Defendants' facts as admitted. *Cracco,* 559 F.3d at 632. The following facts are taken from Defendants' joint Rule 56.1 Statement of Undisputed Facts.

On October 10, 2013, Morris lived with his then-girlfriend, Rochelle Wooden ("Wooden"), on Tripp Avenue, in Robbins, Illinois. Late that night, Morris and Wooden had a fight during which Morris struck Wooden in the eye with an open hand, leaving a bruise. Morris fled the residence and Wooden called 911 and reported the assault. Robbins Police Officer Marshawn Henderson and another officer arrived at the home to investigate the incident. As they were speaking to Wooden, Morris returned to the home and overheard Wooden tell Officer Henderson that Morris had hit her. Nonetheless, no arrests were made at that time.

A few days later, on October 16, 2013, Wooden came to the Robbins Police Department and filed a citizen's complaint with Defendant Smith about Officer Henderson's handling of the incident. At the time, Smith was serving as the Robbins Police Department's Captain in charge of Internal Affairs. He had been hired to investigate and address citizen complaints and internal misconduct regarding Robbins police officers. Wooden explained to Smith what had occurred on the night of October 10, and complained that Morris should have been arrested. Observing bruises around Wooden's left eye consistent with her version events, Smith took photographs of Wooden's injuries and informed

- 2 -

Robbins Police Department Deputy Chief Hashi Jaco ("Jaco") of her complaints. Deputy Jaco met with Wooden; he also heard her version of the incident and observed her injuries.

While Smith and Jaco met with Wooden, Morris entered the lobby of the Robbins Police Department complaining that Wooden had sent him threatening text messages. The office where Jaco, Smith and Wooden were talking was on the second floor above the lobby, but they could hear Morris speaking to police personnel in the lobby below. Wooden identified Morris as the man who had struck her. Jaco then ordered Morris arrested; Smith conveyed this order to Robbins Police Officer Lavell Gibson, who took Morris into custody on a domestic battery charge. Thereafter, Morris filed a six-count Complaint seeking damages he alleges he suffered as a result of this arrest. Counts I to III seek recovery from both Defendants, while Counts IV to VI are directed only against the Village.

Smith and the Village are entitled to summary judgment on Morris's claim for false arrest under 42 U.S.C. § 1983 (Count I), and his state law claims for intentional infliction of emotional distress and false imprisonment (Counts II and III), because probable cause existed for Morris's arrest for domestic battery. All three claims are foreclosed by a finding that probable cause precipitated the arrest. *See, Simmons v. Pryor,* 26 F.3d 650, 540 (7th Cir. 1993) ("In order to prevail in an unlawful arrest action, the plaintiff must show lack of probable cause."); *Smith v. Vill. of Norridge,* 2009 WL 210458, *13 (N.D. Ill. Jan. 22, 2009) ("[C]onduct that passes the Fourth Amendment "reasonableness" test cannot be 'willful and wanton' as that term is defined under Illinois law. . . . The same reasoning applies *a fortiori* to the tort of intentional infliction of emotional distress: if conduct is 'reasonable,' logically it cannot at the same time be so 'extreme and

outrageous' as to be 'atrocious and utterly intolerable in a civilized community.'" (citing *Pavlik v. Kornhaber,* 761 N.E.2d 175, 186 (Ill. App. Ct. 2001)); and *Poris v. Lake Holiday Prop. Owners Ass'n,* 983 N.E.2d 993, 1007 (Ill. 2013) ("Probable cause is an absolute bar to a claim of false imprisonment.").

Probable cause exists if "at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin,* 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979)). To make this determination, the Court must "step[ ] into the shoes of a reasonable person in the position of the officer[,]" *Wheeler v. Lawson,* 539 F.3d 629, 634 (7th Cir. 2008), considering the facts known to the officer at the time, *Carmichael v. Vill. of Palatine,* 605 F.3d 451, 457 (7th Cir. 2010). This is an objective inquiry; the Court does not consider the subjective motivations of the officer. *Whren v. United States,* 517 U.S. 806, 810 (1996). Although probable cause is usually a fact question for the jury, "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them," a court may decide the issue. *Neiman v. Keane,* 232 F.3d 577, 580 (7th Cir. 2000) (internal citation omitted).

Morris was arrested for domestic battery in violation of 720 ILCS 5/12-3.2(a)(1). Under Illinois law, a person commits domestic battery by "knowingly and without legal justification" causing bodily harm to any family or household member. *Id.* A report of battery by a putative victim is sufficient to establish probable cause. *See, e.g., Beauchamp v. City of Noblesville,* 320 F.3d 733, 743 (7th Cir. 2003). Wooden reported

to Smith and Jaco that Morris had struck her in the eye, causing injuries and leaving visible bruising, which Smith and Jaco observed. When Morris arrived at the police department, Wooden identified him as the man that had struck her. These facts are sufficient to establish probable cause for Morris's arrest for battery. There is no evidence in the record that was presented to Smith or Jaco at the time of the arrest that would undermine the reasonable belief that Morris had battered Wooden. Therefore, the Court grants Defendants summary judgment on Counts I to III.

In Counts IV and V, Morris alleges that the Village is liable for negligent hiring of Smith and negligent entrustment to him of various police powers. To establish such claims, Morris must prove: (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury. *Van Horne v. Muller,* 705 N.E.2d 898, 904 (Ill. 1998). Morris has offered no evidence to prove any of these elements. Smith was hired as an internal affairs administrator to address complaints about police misconduct. Morris has not shown that Smith was unfit for this position in any way. Moreover, Morris alleges that the Village was negligent in entrusting Smith with police powers, but Smith's position was an administrative position. Finally, there is no evidence that Smith exercised police powers or that his hiring was the proximate cause of any injury to Morris, as Smith was not directly involved in Morris's arrest (Jaco ordered it and Officer Gibson took Morris into custody). The Court grants summary judgment in favor of the Village on Counts IV and V.

Because judgment has been granted in favor of Defendants on Counts I to V, Morris's claim for indemnification in Count VI fails. *See,* 745 ILCS 10/9-102 ("A local public entity is empowered and directed to pay any tort *judgment* . . . for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." (emphasis added)). Therefore, the Village is entitled to summary judgment on Count VI as well.

                                                      Harry D. Leinenweber, Judge
                                                     United States District Court

Dated: July 11, 2016